**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Micah Anderson, | Case No.: 2:20-cv-01476-APG-NJK |
| Petitioner, | **Order Dismissing Action** |
| v. | [ECF No. 1] |
| State of Nevada, *et al.*, | |
| Respondents. | |

Petitioner Micah Anderson has filed an application to proceed *in forma pauperis*. ECF No. 3. I find that he is unable to pay the $5.00 filing fee. I have reviewed his petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. I dismiss this action because Anderson is complaining about the conditions of his confinement, not the validity of that confinement.

Anderson alleges that he is being held in the Clark County Detention Center and that the conditions there are causing him medical distress. For example, "Telecommunication and electronic interference and frequency place plaintiff in severe bodily harm which comprehensive metabolic panel frequency device receive interference causing malfunctions of implanted frequency device which C.C.D.O.C. telecommunication frequency equipment seizes memory valves of comprehensive metabolic panel crashing the software settings causing memory malfunctions which cause plaintiff chest inflammation in cardiovascular which cause plaintiff breathing problems and chronic body pains . . . ." ECF No. 1-1 at 3 (spelling corrected).

1      Taking Anderson's allegations as true on their face,[1] he has commenced the wrong type

2  of action.  He is alleging that the conditions of his confinement at the Clark County Detention

3  Center are unconstitutional.  These are challenges to conditions of confinement.  Anderson must

4  raise these claims in a civil rights action under 42 U.S.C. § 1983. *Badea v. Cox*, 931 F.2d 573,

5  574 (9th Cir. 1991).  Even if Anderson prevails on the claims that he presents in his motions,

6  they would not result in his immediate release from imprisonment or the advancement of the date

7  of release.  The claims thus are outside the core of habeas corpus and not addressable in habeas

8  corpus. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).

9      Reasonable jurists would not find my conclusions to be debatable or wrong so I will not

10  issue a certificate of appealability.

11      I THEREFORE ORDER that the application to proceed *in forma pauperis* (ECF No. 3) is

12  **GRANTED**.  Anderson need not pay the filing fee.

13      I FURTHER ORDER the clerk of the court to file the petition for a writ of habeas corpus,

14  currently in the docket at ECF No. 1-1.

15      I FURTHER ORDER that the petition for a writ of habeas corpus is **DENIED**.  The clerk

16  of the court is directed to enter judgment accordingly and to close this action.

17      I FURTHER ORDER that a certificate of appealability will not issue.

18      I FURTHER ORDER the clerk to add Aaron Ford, Attorney General for the State of

19  Nevada, as counsel for the respondents.

20

21

---

22  [1] Anderson asks me to contact the state district court to order him released in cases C-20-347115-1, C-20-347189-1, and C-20-347595-1.  All three cases are bindovers from the justice court for
23  competency determinations. https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (reports generated August 24, 2020).  Anderson's allegations might not be true.  Regardless, habeas corpus is not the correct vehicle for his claims.

I FURTHER ORDER the clerk to electronically serve upon the respondents a copy of this order and the petition.  No response is necessary.

DATED this 24th day of August, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE